THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AMY ARIAS and SAN JUAN ARIAS, as Next Friends of RJA, their minor child, | § § § § | |
| Plaintiffs, | § § | Civil Action No.: 4:18-cv-3526 |
| vs. | § § | |
| FCA US LLC, | § § | |
| Defendant. | § § | |

**PLAINTIFFS' MOTION TO EXCLUDE
DEPOSITION TESTIMONY OF NON-PARTY KYLE HENGST**

**INTRODUCTION**

Kyle Hengst is a Schulenberg police officer who responded to the crash scene where RJA was injured. No one deposed Hengst in this matter. Instead, FCA seeks to introduce Hengst's deposition video from an earlier lawsuit that involved different parties. FCA's attempted use of Hengst's deposition is improper because (1) the "same parties" were not present in the earlier suit and (2) Hengst is within 100 miles of the Court and thus available to testify live. If Hengst testifies live at trial, the Court should limit his testimony to exclude his untimely disclosed and unsubstantiated expert opinions related to causation.

## ARGUMENT AND AUTHORITIES

**A.     FCA cannot use Hengst's deposition at trial because the deposition occurred in a prior lawsuit between different parties.**

FCA wants to show jurors a non-party's deposition video that was taken in an earlier lawsuit between different parties. Rule 32(a)(8) forbids such tactics. Depositions taken in earlier actions cannot be used in later actions unless the later suit involves "the same subject matter between the same parties, or their representatives or successors in interest." FED. R. CIV. P. 32(a)(8). Neither requirement is met here.

In a prior suit between San Juan Arias and Evenflo Company, Evenflo's attorney questioned police officer Kyle Hengst. FCA was not a party to that lawsuit, nor is FCA (which makes cars) a successor to Evenflo (which makes child seats).

The Federal Rules of Evidence generally prohibit introduction of non-party deposition testimony such as Hengst's. *See* FED. R. EVID. 801–803. Rule 32(a)(8) creates an exception that is confined to the "limited circumstances" stated in that rule. *Powertrain, Inc. v. Ma*, 640 F. App'x 263, 265 (5th Cir. 2016). Under the rule's plain text, a deposition from an earlier lawsuit cannot be used here unless this lawsuit involves the "same parties" as the first one. FED. R. CIV. P. 32(a)(8). FCA's non-party status in the Evenflo lawsuit is reason enough to exclude Hengst's deposition from the Evenflo case. *Powertrain*, 640 F. App'x at 265.

In *Powertrain*, for example, Honda sued Ma over certain engines. Powertrain later filed a separate case against Ma involving the same engines. Because the two lawsuits did not involve the "same parties," the district court rightly prevented Powertrain from showing *Honda v. Ma* depositions to the jury in *Powertrain v. Ma*. *Id*. Rule 32(a)(8) requires the same outcome here.[1]

Not only were the "same parties" absent from the Evenflo litigation, the questioning attorneys were different, and San Juan Arias's attorney did not have the same incentives at that point to ask Hengst many of the questions that would be more relevant to a later case against FCA. Certainly, with Amy Arias not a party in the Evenflo case, there was no one present to question Hengst from Amy's perspective. Even if these prudential reasons for excluding Hengst's testimony were not also present, the plain text of Rule 32(a)(8)—i.e., "same parties"—would still require exclusion of Hengst's deposition.

**B.     FCA cannot use Hengst's deposition because he is not "unavailable." To the contrary, Hengst is available within 100 miles of the Court.**

Even if FCA could meet the "same parties" prerequisite to introducing Hengst's earlier deposition—and it cannot—FCA would have to overcome another burden to playing Hengst's video. "Although Rule 32 permits deposition testimony

---

[1]     Even imagining for argument's sake that FCA had been a party in the earlier lawsuit, this case and the Evenflo litigation do not involve the same "subject matter." The subject matter of the earlier lawsuit was the design of Evenflo's car seat. The subject matter here is the crashworthiness of FCA's Dodge Journey. Either of these two reasons—different parties and non-identical subject matter—would be independently sufficient to require exclusion of Hengst's deposition.

from a prior proceeding to be introduced into a later proceeding in limited circumstances, the Fifth Circuit has stated that '[a] deposition may not be introduced into the record at a trial or hearing for any purpose **unless the witness is unavailable** or exceptional circumstances justify its admission.'" *Powertrain*, 640 F. App'x at 265 (quoting *Jauch v. Corley,* 830 F.2d 47, 49–50 (5th Cir. 1987)) (emphasis added).

In other words, FCA cannot play a non-party's deposition video—even taken in the present lawsuit—unless the witness cannot attend trial. *Id.*; *see also* FED. R. CIV. P. 32(a)(1). Absent exceptional circumstances, a witness is only "unavailable" if he is dead, more than 100 miles from the place of trial, or cannot be subpoenaed. FED. R. CIV. P. 32(a)(4).

FCA has made no effort to show that Hengst cannot testify live. To the contrary, FCA's witness disclosures reveal that Hengst *is* available for live testimony because he is within 100 miles from this courthouse. Specifically, FCA lists the following address for Hengst:

> Kyle Hengst
> Personnel and Custodian of Records
> **Schulenburg Police Department**
> 607 Upton
> Schulenburg, Texas 78956
> Phone: (979) 743-2677

*See* Exhibit 1 (FCA July 2019 Designations) at 8.

Google Maps and similar publicly available websites confirm that Hengst's address is 95.9 miles from 515 Rusk Street in Houston. The locations are connected

by Interstate 10 almost from door to door. Consequently, Hengst is available to testify at trial, supplying yet another reason that his video deposition must be excluded. *Jauch*, 830 F.2d at 49–50.

**C.    Even if Hengst testifies live at trial, the Court should limit his testimony.**

Based on its deposition designations, FCA appears to be chiefly interested in introducing Hengst's opinions about what he believes caused the crash between Amy Arias and a commercial vehicle. Even assuming that FCA were to elicit such opinions through the only permissible means—live trial testimony—the Court should restrict Hengst's testimony as provided in Plaintiffs' Motions in Limine.

First, FCA failed to properly designate Hengst as an expert. For Hengst to offer his opinions on crash causation, FCA had to issue timely disclosures compliant with Rule 26. FCA never did so. *Compare* FED. R. CIV. P. 27(a)(2)(C) (requiring FCA to disclose "the subject matter on which the witness is expected to present evidence" and "a summary of the facts and opinions to which the witness is expected to testify") *with* Exhibit 1 at 8 (FCA July 2019 Expert Disclosures) (saying nothing about Hengst except that he was a "first responder"). FCA's non-existent disclosures are reason enough to exclude Hengst's opinions.

Second, Hengst—as a then-third-year police officer—is not qualified to opine about crash causation, much less the issue of whether the Dodge Journey contains a design defect. *See* Exhibit 2 (Deposition) 4:24-5:2, 5:17-19 (three years of

experience). "As a general rule, police officers, based on their position as police officers alone, are not qualified to render opinions regarding accidents." *Pilgrim's Pride v. Smoak*, 134 S.W.3d 880, 891 (Tex. App.—Texarkana 2004, pet. denied) *see also Pyle v. Southern Pac. Transp. Co.*, 774 S.W.2d 693, 695 (Tex. App.—Houston [1st Dist.] 1989, writ denied). Rather, "police officers are qualified to testify regarding accident reconstruction if they are trained in the science and possess the high degree of knowledge sufficient to qualify as an expert." *Smoak,* 134 S.W.3d at 891 (other citations omitted).

Hengst admits that (1) he has little to no relevant training beyond how to fill out crash report forms and (2) he is not an expert on these issues. Ex. 2 at 7:2-18 (describing one-week police academy course covering "just pretty much what to look for and how to fill out the form"); 50:3-5("Q: You don't hold yourself out as an accident reconstruction expert, right? A: No.").

Plaintiffs' Motions in Limine contain further discussion of improper subject matter that should be excluded if Hengst appears live at trial.[2]

---

[2] To preserve their rights in the event that this motion is denied, Plaintiffs alternatively cross-designated testimony from Hengst's deposition in response to FCA's designations. Of course, Plaintiffs contend that the entire deposition video is improper and—by preserving their right to play cross-designations if the video is admitted over their objections—do not waive their objections to the video in its entirety.

## CONCLUSION

For the reasons above, Plaintiffs respectfully ask the Court to exclude use of Kyle Hengst's prior-lawsuit deposition testimony at trial. If Hengst testifies live, Plaintiffs further ask the Court to grant those portions of their Motions in Limine that address specific defects with Hengst's putative expert testimony.

Respectfully submitted,

**THE AMMONS LAW FIRM, L.L.P.**

/s/ *Robert E. Ammons*
**Robert E. Ammons** (Attorney in Charge)
Texas State Bar No. 01159820
Southern District of Texas Bar No. 11742
**David V. Marchand**
Texas State Bar No. 00791173
Southern District of Texas Bar No. 3409374
**Adam Milasincic**
Texas Bar No. 24079001
Southern District of Texas Bar No. 1339915
3700 Montrose Boulevard
Houston, Texas 77006
Telephone: (713) 523-1606
Facsimile: (713) 523-4159
rob@ammonslaw.com
dave@ammonslaw.com
adam@ammonslaw.com

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF CONFERENCE

I hereby certify that I conferred with FCA's attorney, Robert Sonnier, on December 30, 2019. Mr. Sonnier confirmed that FCA opposes all of the relief requested in this motion.

*/s/ David V. Marchand*
David V. Marchand

## CERTIFICATE OF SERVICE

I hereby certify that on the December 30, 2019, I electronically filed the foregoing with the clerk of the court using the CM/ECF system, which will send a notice of electronic filing to the following:

G. Robert Sonnier (Attorney-in-Charge)
Ian M. Lancaster
GERMER BEAMAN & BROWN PLLC
301 Congress Ave., Suite 1700
Austin, Texas 78701

Amy Bice Larson
BUSH SEYFERTH, PLLC
100 W. Big Beaver, Suite 400
Troy, Michigan 48084

Amanda Crawford-Steger
Kurt C. Kern
BOWMAN AND BROOKE, LLP
5830 Granite Parkway, Suite 1000
Plano, Texas 75024
   *Attorneys for Defendant*

*/s/ Adam Milasincic*
Adam Milasincic