IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION

| | | |
|---|---|---|
| AMY and SAN JUAN ARIAS, as Next Friends of RJA, their minor child, Plaintiffs | § § § | |
| vs. | § § | CIVIL ACTION NO. 4:18-cv-3526 |
| FCA US LLC, Defendant. | § § | |

**ARIAS FAMILY'S MOTION FOR JUDGMENT AS A MATTER OF LAW**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

COME NOW, Amy Arias and San Juan Arias, as Next Friends of RJA, their minor child ("the Arias family"), and file this motion for judgment as a matter of law, and would show the Court why it must be granted:

## I.   Governing Standard

1.    The well-established standard for assessing a motion for judgment as a matter of law requires denial of the motion unless there is an absence of proof:

> A JMOL is appropriate when "a reasonable jury would not have a legally sufficient evidentiary basis to find for the [non-moving] party on that issue." Fed. R. Civ. P. 50(a). "When a case is tried to a jury, a motion for judgment as a matter of law 'is a challenge to the legal sufficiency of the evidence supporting the jury's verdict.'" *Cowart v. Erwin*, 837 F.3d 444, 450 (5th Cir. 2016) (quoting *Heck v. Triche*, 775 F.3d 265, 272 (5th Cir. 2014)). In resolving such challenges, we must draw "all reasonable inferences and resolve all credibility determinations in the light most favorable to the nonmoving party" and uphold the verdict "unless there is no legally sufficient evidentiary basis for a reasonable jury to find as the jury did." *Id.* (quoting *Heck*, 775 F.3d at 273).

*Seibert v. Jackson County, Mississippi*, 851 F.3d 430, 434–35 (5th Cir. 2017).   This standard of review is "especially deferential."   *Carley v. Crest Pumping Techs., L.L.C.*, 890 F.3d 575, 578 (5th Cir. 2018).

## II.    The Arias Family's Motion for Judgment as a Matter of Law

**A.    *§ 82.008 Presumption Is Inapplicable, Has Been Rebutted, and Must Vanish***

2.    Texas Civil Practice and Remedies Code ***section 82.008 "raises a presumption of...nonliability only if that standard 'governed the product risk that allegedly caused the harm.'"*** *Kia Motors Corp. v. Ruiz*, 432 S.W.3d 865, 872 (Tex. 2014) (citing Tex. Civ. Prac. & Rem. Code § 82.008(a)); *see also Hinson v. Dorel Juvenile Group, Inc.*, 2:15-CV-713-JRG-RSP, 2016 WL 3361480, at *3 (E.D. Tex. June 9, 2016) ("Similar to the regulation in *Kia Motors*, FMVSS 213 does not govern the product risk that allegedly caused the asserted harm. Accordingly, the Court holds as a matter of law that the presumption of non-liability under Tex. Civ. Prac. & Rem. Code § 82.008 does not apply in this case."); *Mejia v. Big Lots Stores, Inc.*, SA-13-CA-504, 2014 WL 12495292, at *3 (W.D. Tex. Oct. 16, 2014) ("because Designco can point to no federal laws or regulations promulgated to protect against harm caused by exploding tabletop torches… the Plaintiff's motion for summary judgment will be granted as to this defense" under section 82.008).

3.    The jury has heard uncontroverted testimony from FCA's Rule 30(b)(6) corporate representative which confirms that ***the Federal Motor Vehicle Safety Standards are inapplicable to the risks from seat belt performance in far side impact crashes and do not address pretensioners***:

> Q. There's no federal standard that requires pretensioners in the front or the rear seat belts of vehicles, true?
> A. That's correct.
> Q. Chrysler knows the government does not have a standard for seat belt performance in far side impact crashes, true?
> A. It's true that there is not a far side crash in the side impact regulation.
> …
> Q. When the Dodge Journey was developed, there was no government or other industry standard that addressed seat belt performance in far side impact crashes, true?
> A. Yes. That's true, and it's still true today.

*Eagle 1/14/2020/pm* pp. 18-20.  Mohan Bhogineni, manager of the release engineers for seatbelts in the 2012 Dodge Journey, also admitted that the Federal Motor Vehicle Safety Standards are inapplicable to the inclusion or omission of pretentioners:

> Q. Would you agree that…there is no Federal Motor Vehicle Safety Standard that requires that pretensioners be incorporated in seat-belt systems for the front or rear positions in any vehicle?
> A. To my knowledge, yes, based on data.

*Bhogineni 1/21/2020am* pp. 18-19. The Arias family also reinforced these admissions from FCA management with Gary Whitman's and Bill Kitzes's testimony that the Federal Motor Vehicle Safety Standards do not govern the risks that caused Rhea Arias' injuries:

> Q. Mr. Whitman, this mandatory federal standard that has been discussed, 214, applicable to side impact, does that address far-side impact crashes?
> …
> Q. And there is no test requirement or performance requirement under the federal standard for the far side?
> A. Correct.
> Q. So when there is no standards, we have to rely on the companies to implement what's safe and what the standard should be, don't we?
> A. Right. They can self-impose their own requirements and their own testing, but the federal government is not imposing it.

*Whitman 1/14/2020pm* pp. 109-10.

Q.    Tell us, what is the basis for that opinion, that the standards don't adequately address occupant protection in far-side crashes.

A.    Well, essentially, there is no standard for far-side protection. There is no testing. There is no information generated.

…

Q.    There is not a federal motor vehicle safety standard that addresses seatbelt performance in far-side impact crashes. True or false?

A.    True.

*Kitzes 1/21/2020am* pp. 48, 50.

4.    This testimony is dispositive of the presumption because the Texas Supreme Court has confirmed that section 82.008 "raises a presumption of...nonliability only if that standard 'governed the product risk that allegedly caused the harm.'" *Kia Motors Corp. v. Ruiz*, 432 S.W.3d 865, 872 (Tex. 2014) (citing Tex. Civ. Prac. & Rem. Code § 82.008(a)).   The Texas Supreme Court further agreed with the Fifth Circuit's analysis that it is the ***risk*** and not the ***defect*** that lies at the heart of the analysis: "We agree with the Fifth Circuit that the plain language of section 82.008 requires that a safety regulation govern product risk, not a particular product defect." *Kia Motors*, 432 S.W.3d at 873 (citing *Wright v. Ford Motor Co.*, 508 F.3d 263, 270 (5th Cir.2007); Tex. Civ. Prac. & Rem. Code § 82.008(a)).

5.    Even in cases where the section 82.008 is applicable, any presumption is defined by statute as a "***rebuttable presumption***":

82.008. COMPLIANCE WITH GOVERNMENT STANDARDS. (a) In a products liability action brought against a product manufacturer or seller, there is a ***rebuttable presumption*** that the…claimant may ***rebut the presumption…by establishing that…the mandatory federal safety standards or regulations applicable to the product were inadequate to protect the public from unreasonable risks of injury or damage***.

Tex. Civ. Prac. & Rem. Code § 82.008(a), (b)(1) (emphasis added).

4

6.      In this trial, the presumption has been rebutted.  Mr. Kitzes and Mr. Whitman both testified that *federal safety standards applicable to the rear seat restraint system in the 2012 Dodge Journey were inadequate to protect the public from unreasonable risks of injury or damage*, which fully rebuts any presumption:

> Q.      Given your 40 years of experience, giving the materials that you reviewed in this case, have you reached the opinion that the US federal standards do not adequately address occupant protection in far-side crashes?
> A.      That is correct.
> Q.      Tell us, what is the basis for that opinion, that the standards don't adequately address occupant protection in far-side crashes.
> A.      Well, essentially, there is no standard for far-side protection. There is no testing. There is no information generated.

*Kitzes 1/21/2020am* pp. 47-48.

> Q.      Mr. Whitman, this mandatory federal standard that has been discussed, 214, … is that standard adequate or inadequate to protect the public from a reasonable risk of injury in a far-side impact?
> A.      No. It has no significance to that mode of crash.
> …
> Q.      And there is no test requirement or performance requirement under the federal standard for the far side?
> A.      Correct.

*Whitman 1/14/2020pm* pp. 109-10.

7.      A rebuttable presumption is rebutted by *any* contrary evidence because it is a mere rule to guide deliberations in the absence of evidence, and so a rebuttable presumption is not an issue that is weighed by the preponderance-of-evidence standard:

> A true presumption is simply a rule of law requiring the jury to reach a particular conclusion in the absence of evidence to the contrary. The presumption does disappear, therefore, when evidence to the contrary is introduced….

*Clayton v. Burston*, 493 F.2d 429, 431 (5th Cir. 1974) (citing and quoting *Sudduth v. Commonwealth Mut. Ins. Co*., 454 S.W.2d 196, 198 (Tex. 1970); *see also In re E.A.*, 287 S.W.3d 1, 5 (Tex. 2009) (presumption "vanishes when opposing evidence is introduced"); *Temple Indep. Sch. Dist. v. English*, 896 S.W.2d 167, 169 (Tex. 1995) ("presumption is simply a rule of law requiring the trier of fact to reach a particular conclusion in the absence of evidence to the contrary" which "disappears when evidence to the contrary is introduced").

8.      Accordingly, having been rebutted, any presumption no longer applies and it must vanish and – specifically – cannot reappear as a jury issue:

> A presumption "may not properly be the subject of an instruction to the jury." . . . Texas courts agree that a presumption is rebutted when "positive evidence to the contrary" is introduced. The supreme court explained: "[A] presumption is an artificial thing, a mere house of cards, which one moment stands with sufficient force to determine an issue, but at the next, by reason of the slightest rebutting evidence, topples utterly out of consideration of the trier of facts." ... Because Texas A & M produced evidence to rebut the presumption ..., the presumption should have disappeared entirely. Instead of vanishing, however, the statutory presumption appeared verbatim in the jury charge.... Including a presumption in the jury charge which has been rebutted by controverting facts is an improper comment on the weight of the evidence.

*Texas A & M Univ. v. Chambers*, 31 S.W.3d 780, 783-85 (Tex. App.—Austin 2000, pet. denied) (citations omitted); *Wal-Mart Stores, Inc. v. Middleton*, 982 S.W.2d 468, 471 (Tex. App.—San Antonio 1998, pet. denied) (whether a "presumption had been rebutted is an evidentiary ruling to be made by the trial judge—it is not a fact question for the jury"); *see also* 59 3d Tex. Jur. Products Liability §225 (1998) ("presumptions may not properly be the subject of an instruction to the jury; its inclusion is improper because...

including a presumption in the jury charge, which has been rebutted by controverting facts is an improper comment of the weight of the evidence"); McDonald & Carlson, Texas Civil Practice, §22:12 (2005).

9.      The question whether any section 82.008 presumption is a vanishing was mentioned in *Wright v. Ford*, which noted that under Texas law presumptions are "generally" treated as being of the so called '*Thayer*' variety, namely presumptions which shift only the burden of production of evidence, which 'disappear' from the case once evidence is introduced sufficient to support a finding contrary to the presumed fact." *Wright v. Ford Motor Co*., 508 F.3d 263, 272 (5th Cir. 2007).  The *Wright* court noted that the "Wrights did not object to the jury instruction" and so any error "was not properly preserved," and the issue "is by no means 'clear or obvious'" and no party "cited to [any] Texas appellate court opinion directly addressing this aspect of the section 82.008 presumption."  *Id.* at 272–73.  In the context of the Wrights' failure to preserve the error, the *Wright* court did not reverse the trial court's treatment of the presumption as a "*Morgan*" variety presumption which appears in the jury charge.  *Id.*

10.      A comparison of the section 82.008 presumption with the simultaneously adopted section 74.106 presumption confirm the Legislative intent that section 82.008 must be treated as a vanishing *Thayer*-type presumption:

> [I]t should be noted that the legislature has mandated that a jury instruction regarding presumptions be included in the charge in some circumstances, but chose not to include such a directive in §82.008. Texas Civil Practice and Remedies Code §74.106 (a)(1) discusses a rebuttable presumption to physicians and health care providers for failing to disclose hazards involved in medical care and surgical procedures. This section of the Civil Practice and Remedies Code states that the presumption —shall be included in the

charge to the jury.  *See id.* But, §82.008 contains no language instructing that the jury must be charged with the presumption. The fact that no legislative instruction was contained in §82.008 supports the proposition that the legislature did not intend to change preexisting common law which disallowed presumptions as impermissible comments on the weight of the evidence. *Compare* Tex. Civ. Prac. & Rem. Code §74.106 (a) *with* §82.008. *See also Glover v. Henry*, 749 S.W.2d 502, 504 (Tex. App.– Eastland 1998, no pet.); *Sanders v. Davila*, 593 S.W.2d 127, 130 (Tex. Civ. App. – Amarillo 1979, writ ref'd n.r.e.); *General Motors Corp. v. Burry*, 203 S.W.3d 514, 549 (Tex. App. – Fort Worth 2006, pet. denied).

*Products Liability Update*, p. 5, State Bar of Texas 26th Annual Advanced Personal Injury Law Course (2010).

| § 74.106 | § 82.008 |
|---|---|
| [B]oth disclosure made as provided in Section 74.104 and failure to disclose based on inclusion of any medical care or surgical procedure on the panel's list for which disclosure is not required shall be admissible in evidence and shall create a rebuttable presumption that the requirements of Sections 74.104 and 74.105 have been complied with and this ***presumption shall be included in the charge to the jury***; and (2) failure to disclose the risks and hazards involved in any medical care or surgical procedure required to be disclosed under Sections 74.104 and 74.105 shall be admissible in evidence and shall create a rebuttable presumption of a negligent failure to conform to the duty of disclosure set forth in Sections 74.104 and 74.105, and ***this presumption shall be included in the charge to the jury*** . . . . | (a) In a products liability action brought against a product manufacturer or seller, there is a rebuttable presumption that the product manufacturer or seller is not liable for any injury to a claimant caused by some aspect of the formulation, labeling, or design of a product if the product manufacturer or seller establishes that the product's formula, labeling, or design complied with mandatory safety standards or regulations adopted and promulgated by the federal government, or an agency of the federal government, that were applicable to the product at the time of manufacture and that governed the product risk that allegedly caused harm. (b) The claimant may rebut the presumption in Subsection (a) by establishing that…the mandatory federal safety standards or regulations applicable to the product were inadequate to protect the public from unreasonable risks of injury or damage…. |

*Compare* Tex. Civ. Prac. & Rem. Code § 74.106 (emphasis added) *with id.* § 82.008.

"The Legislature is presumed to have 'included each word in the statute for a purpose and

that words not included were purposefully omitted.'"  *Mathiew v. Subsea 7 (US) LLC*, 4:17-CV-3140, 2018 WL 1515264, at *2 (S.D. Tex. Mar. 9, 2018), *report and recommendation adopted*, 4:17-CV-3140, 2018 WL 1513673 (S.D. Tex. Mar. 26, 2018) (quoting *ExxonMobil Pipeline Co. v. Coleman*, 512 S.W.3d 895, 899 (Tex. 2017) (per curiam), and *Lippincott v. Whisenhunt*, 462 S.W.3d 507, 509 (Tex. 2015) (per curiam)). Both section 74.106 and section 82.008 were adopted as part of Acts 2003, 78th Leg., ch. 204, §§ 5.02, 10.01, eff. Sept. 1, 2003.  Accordingly, the adoption of language that the section 74.106 "presumption shall be included in the charge to the jury" and the omission of similar language regarding the section 82.008 presumption must reflect an intentional distinction.

**B.**     ***Jansky/Elgin Must Not Appear in the Apportionment of Responsibility Question***

11.    FCA seeks to submit Randall Janske and his employer, Elgin Fertilizer Co., in the negligence question and in the question regarding the apportionment of responsibility.  There is a complete absence of evidence that Mr. Jansky's conduct caused or contributed causing to Rhea's injuries, and so neither Mr. Jansky nor Elgin Fertilizer can be submitted in the jury charge:

> Section 33.003(b) of the Texas Civil Practices and Remedies Code provides: "This section does not allow a submission to the jury of a question regarding conduct by any person without sufficient evidence to support the submission."

*PEMEX Exploracion y Produccion v. Murphy Energy Corp.*, 923 F. Supp. 2d 961, 981 n. 41 (S.D. Tex. 2013), *aff'd sub nom. Pemex Exploracion Y Produccion v. Conocophillips Co.*, 595 Fed. Appx. 445 (5th Cir. 2015); *Gilbane Bldg. Co. v. Admiral Ins. Co.*, 664 F.3d

589, 600 (5th Cir. 2011) (no person's "negligence will not be submitted to the jury 'without sufficient evidence to support the submission,'" citing Tex. Civ. Prac. & Rem.Code § 33.003(b)).  Instead of offering evidence that Mr. Jansky's conduct caused or contributed causing to Rhea's injuries, FCA merely had Amy Arias read allegations from Rhea's complaint which referenced Mr. Jansky.  The Fifth Circuit has held that this exact tactic is insufficient to meet the evidentiary burden under section 33.003(b):

> The problem with Graham and Davis's argument is that Texas law "does not allow a submission to the jury of a question regarding conduct by any person without sufficient evidence to support the submission." Tex. Civ. Prac. & Rem. Code Ann. § 33.003(b). The only trial evidence to which Graham and Davis point that supports the commission of fraud by other defendants was testimony by O'Hare on cross examination. Defense counsel listed off the other defendants named in the pleadings and asked O'Hare whether they, too, had defrauded him. He answered affirmatively. One witness's conclusory statements that he was defrauded, elicited in cross examination, hardly qualify as sufficient evidence on which to base a jury instruction. It would not have been proper to instruct the jury to weigh conduct unsupported by evidence.

*O'Hare v. Graham*, 455 Fed. Appx. 377, 382 (5th Cir. 2011).  Because FCA's tactic of reading from pleadings is insufficient to warrant submission, *id.*, and because neither party offered any evidence that Mr. Jansky or Elgin Fertilizer caused Rhea's injuries, the Court should render judgment as a matter of law that neither Mr. Jansky nor Elgin Fertilizer can appear in the jury charge. Tex. Civ. Prac. & Rem. Code Ann. § 33.003(b).

## C.   *Evenflo Must Not Appear in the Apportionment of Responsibility Question*

12.    FCA proposes to submit a marketing defect claim regarding Evenflo's booster seat.  Yet the absence of evidence of evidence that Evenflo caused or contributed to Rhea's injuries is more problematic for FCA because "Texas case law demonstrates a

consensus that expert testimony is required in the context of strict liability marketing defect claims." *Ethicon Endo-Surgery, Inc. v. Gillies*, 343 S.W.3d 205, 211–12 (Tex. App.—Dallas 2011, pet. denied) (citing *Nissan Motor Co., Ltd. v. Armstrong,* 145 S.W.3d 131, 137 (Tex.2004); *DeGrate v. Exec. Imprints, Inc.,* 261 S.W.3d 402, 410–11 (Tex. App.-Tyler 2008, no pet.); *Georgia–Pacific Corp. v. Stephens,* 239 S.W.3d 304, 321 (Tex. App.-Houston [1st Dist.] 2007, pet. denied); *Ethicon Endo–Surgery, Inc. v. Meyer,* 249 S.W.3d 513, 516–17 (Tex. App.-Fort Worth 2007, no pet.)).   Expert testimony in a marketing defect case and other product liability cases is required to prove causation linking the alleged defect to the injuries:

> There are three types of defect claims: design defects, manufacturing defects, and marketing defects. All three claims require objective proof the defect existed and caused the injury sustained. Generally, the requirements to prove a defect necessitate competent expert testimony and objective proof that a defect caused the injury.

*Samuell v. Toyota Motor Corp.*, MO-13-CV-47, 2015 WL 1925902, at *4 (W.D. Tex. Apr. 27, 2015) (citing *Nissan Motor Co., Ltd. v. Armstrong*, 145 S.W.3d 131, 137 (Tex.2004)).   In this case, there is not even one scintilla of evidence linking any alleged defect in the Evenflo booster seat with Rhea's injuries.   Accordingly, this Court should render judgment as a matter of law that neither Evenflo nor its booster seat can appear in the jury charge. Tex. Civ. Prac. & Rem. Code Ann. § 33.003(b).

WHEREFORE, Plaintiffs pray that this Court grant their motion for judgment as a matter of law.

Respectfully submitted,

*/s/ Robert E. Ammons*

Robert E. Ammons (Attorney-in-Charge)
Texas Bar No. 01159820
Southern District of Texas Bar No. 11742
David V. Marchand
Texas State Bar No. 00791173
Southern District of Texas Bar No. 3409374
THE AMMONS LAW FIRM, L.L.P.
3700 Montrose Boulevard
Houston, Texas 77006
Telephone:    713-523-1606
Facsimile:    713-523-4159
Email:        rob@ammonslaw.com
Email:        dave@ammonslaw.com
Email:        ariana@ammonslaw.com

*ATTORNEYS FOR PLAINTIFFS*

OF COUNSEL:
April A. Strahan
Texas Bar No. 24056387
Southern District of Texas Bar No. 866845
THE AMMONS LAW FIRM, L.L.P.
3700 Montrose Boulevard
Houston, Texas 77006
Telephone:    713-523-1606
Facsimile:    713-523-4159
Email:        april@ammonslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the January 27, 2020, I electronically filed the foregoing with the clerk of the court using the CM/ECF system, which will send a notice of electronic filing to the following:

G. Robert Sonnier (Attorney-in-Charge)
Ian M. Lancaster
GERMER BEAMAN & BROWN PLLC
301 Congress Ave., Suite 1700
Austin, Texas 78701

Amy Bice Larson
BUSH SEYFERTH, PLLC
100 W. Big Beaver, Suite 400
Troy, Michigan 48084

Amanda Crawford-Steger
Kurt C. Kern
BOWMAN AND BROOKE, LLP
5830 Granite Parkway, Suite 1000
Plano, Texas 75024
    ***Attorneys for Defendant***

/s/ *David V. Marchand*    .
David V. Marchand